UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/17/26

DANIEL ANDRADE, *individually and on behalf of all others similarly situated*,

Plaintiff,

-against-

MANHATTAN PAINTING & DECORATING CORP., IGBAL ERBELI, and ARGJENT ERBELI,

Defendants.

1:25-cv-6540 (MKV)

OPINION AND ORDER DENYING MOTION TO COMPEL ARBITRATION

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Daniel Andrade ("Plaintiff"), who is a member of a union, brings this putative class and collective action against Defendants Manhattan Painting & Decorating Corp. ("Manhattan Painting"), Igbale Erbeli ("Igbale"), and Argjent Erbeli ("Argjent") (collectively, "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and New York Labor Law ("NYLL"). Defendants move to compel arbitration and to stay this action pending individual arbitration. The question of whether an agreement to arbitrate certain issues exists is not in dispute. The parties agreed to arbitrate "all grievances and disputes" as to the "interpretation [and] application" of the relevant union Trade Agreement. [ECF No. 27-1 at 23]. However, the parties disagree about whether Plaintiff agreed to arbitrate FLSA and NYLL claims. Because the Trade Agreement does not reflect a clear and unmistakable agreement to arbitrate FLSA and NYLL claims, for all of the reasons set forth below, the motion to compel arbitration is DENIED.

## FACTUAL BACKGROUND[1]

Plaintiff is a painter and sprayer who was employed by Defendants from approximately May 2021 through March 19, 2024. Compl. ¶¶ 1, 25. Plaintiff purports to bring his FLSA claim on behalf of himself and "[a]ll current and former Non-Exempt Workers employed by Manhattan Painting between August 8, 2022 and the data of final judgment in this matter, who elect to opt-in to this action." Compl. ¶ 71. Plaintiff purports to bring his NYLL claims on behalf of himself and "[a]ll current and former Non-Exempt Workers at Manhattan Painting between December 23, 2017[2] and the date of the final judgment in this matter." Compl. ¶ 85.

Defendant Manhattan Painting, owned and operated by Igbale and Argjent, provides painting and wall covering services and has worked on projects for clients including Disney, Facebook, and Deutsche Bank. Compl. ¶¶ 3–4, 32. Defendants employed Plaintiff and the putative collective and putative class as painters, sprayers, and laborers to provide services to clients. Compl. ¶¶ 1, 6.

Plaintiff alleges that Defendants violated the FLSA and NYLL by failing to "report overtime hours . . . so they could pay at a rate that fell below time and one half the regular rate." Compl. ¶ 75. Plaintiff also asserts violations under NYLL for failure to provide annual wage notices and failure to provide accurate wage statements. Compl. ¶¶ 14–16, 128–133. Plaintiff

---

[1] The factual background is drawn from Plaintiff's complaint [ECF No. 1 (the "Complaint" or "Compl.")] and the parties' submissions in connection with Defendants' motion to compel arbitration, including the Trade Agreement between District Council No. 9, International Union of Painters and Allied Trades, A.F.L. – C.I.O. and six other parties, effective from May 1, 2019 through April 30, 2024 [ECF No. 27-1 ("Trade Agreement")] and the Trade Agreement between the same parties, effective from May 1, 2024 through April 30, 2028 [ECF No. 27-2 ("Successor Trade Agreement")]. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016); *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003) (explaining that "where the District Court is required to determine arbitrability" it must "review the record").

[2] Plaintiff alleges that he chose this class period "due to Governor Cuomo's Executive Order that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for 228 days." Compl. n.2.

further alleges that he complained to Defendants about these alleged violations and, thereafter, was terminated, and, therefore, also brings individual claims for retaliation under NYLL and FLSA. Compl. ¶¶ 23, 141–147. Plaintiff seeks certification of a collective action under the FLSA, class certification under Rule 23, designation of Plaintiff as a representative of the NYLL Class, and monetary damages and penalties pursuant to FLSA and NYLL. Compl. at 21–22.

Defendants move, pursuant to 9 U.S.C. § 4, to compel arbitration and stay this proceeding [ECF Nos. 24, 25 ("Def. Mem."), 26, 27]. Defendants argue that Plaintiff must arbitrate his claims because Plaintiff, and any putative members of the purported collective action and class, entered into two relevant collective bargaining agreements: a union Trade Agreement in effect from May 1, 2019 to April 30, 2024 ("Trade Agreement") and its successor Trade Agreement, in effect from May 1, 2024 through April 30, 2028 ("Successor Trade Agreement") (collectively, "Trade Agreements"). *See* Def. Mem. 1, 3–4; Trade Agreement; Successor Trade Agreement. The Trade Agreements mandate a grievance process, creating two panels of arbitrators comprised of union representatives: the Joint Trade Committee and the Joint Trade Board. Trade Agreement 22–23; Successor Trade Agreement 24–25. Plaintiff claims he is only bound by the Trade Agreement and not the Successor Trade Agreement due to the dates of his employment, but this distinction is immaterial as the relevant language in Article XIII, Section 3 – "Jurisdiction of the Joint Trade Committee and Joint Trade Board" in both Trade Agreements is identical:

> The Joint Trade Committee and Joint Trade Board are empowered to hear and decide in arbitration as hereinafter provided, all **grievances and disputes which may arise between the Parties as to the interpretation or application of this Trade Agreement** and to make such awards or assess remedies, damages and penalties for **violations of this Trade Agreement**. The Joint Trade Committee and Joint Trade Board shall have the authority to issue awards with respect to all grievances and disputes in any manner which they deem reasonable.

Trade Agreement at 23 (emphases added); *accord* Successor Trade Agreement at 25 (emphases added). As Defendants stress, the Trade Agreements also contain the following language in Article XIII, Section 8 – "Awards":

> The Joint Trade Committee will . . . adjust or dispose of the grievance or dispute by rendering <u>an award</u> which may include the imposition of fines and/or statutory penalties, and <u>any statutory remedies</u> available under the National Labor Relations Act or other applicable Laws and Rules.

Trade Agreement at 26–27 (emphases added); *accord* Successor Trade Agreement at 28–29 (emphases added); *see* Def. Mem. at 10; Def. Reply at 4. Defendants argue that Plaintiff's claims fall within the scope of the arbitration agreement reflected in Trade Agreements. *See* Def. Mem. at 8–9. Plaintiff maintains that the Trade Agreements do not reflect an agreement to arbitrate his FLSA and NYLL claims. *See* Pl. Mem. at 1, 4–7.

## <u>LEGAL STANDARD</u>

"In deciding motions to compel [arbitration], courts apply a standard similar to that applicable for a motion for summary judgment." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (internal quotation marks and citation omitted); *accord Starke v. SquareTrade, Inc.*, 913 F.3d 279, 281 n.1 (2d Cir. 2019). "The summary judgment standard requires a court to consider all relevant, admissible evidence submitted by the parties and . . . draw all reasonable inferences in favor of the non-moving party." *Nicosia*, 834 F.3d at 229 (internal quotation marks omitted). "Whether the parties have in fact agreed to submit a particular dispute to arbitration 'is typically an issue for judicial determination.'" *1199 SEIU United Healthcare Workers E. v. Chinese-Am. Plan. Council Home Attendant Program*, 2026 WL 1993408, at *18, --- F.4th ---- (2d Cir. July 10, 2026) (quoting *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010)).

Courts in this Circuit follow a two-part test to determine whether claims are subject to arbitration, considering "(1) whether the parties have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement." *In re American Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011). To be sure, in general, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *See Guyden v. Aetna, Inc.*, 544 F.3d 376 (2d Cir. 2008). However, this general policy favoring arbitration is largely irrelevant in the matter at hand.

The Second Circuit has recognized that "an exception to the scope presumption applies in the context of a union's waiver of its members' right to bring statutory claims in court." *Abdullayeva v. Attending Homecare Servs. LLC,* 928 F.3d 218, 222 (2d Cir. 2019). Such waivers are generally permissible, but they must have "clear and unmistakable" language indicating that such statutory claims have been waived. *Lawrence v. Sol G. Atlas Realty Co.*, 841 F.3d 81, 82–3 (2d Cir. 2016); *see Epic Sys. Corp. v. Lewis*, 584 U.S. 497 (2018); *Wright v. Universal Maritime Service Corp.*, 525 U.S. 70, 80 (1998). The "clear and unmistakable" standard requires "specific references in the [union agreement] either to the statutes in question or to statutory causes of action generally." *Lawrence*, 841 F.3d at 84.

## DISCUSSION

The relevant language in the Trade Agreements does not reflect a "clear and unmistakable" waiver of Plaintiff's rights to bring FLSA and NYLL claims in court. *Lawrence*, 841 F.3d at 83. Rather, the relevant language expressly requires members of the union to arbitrate only "grievances and disputes . . . as to the interpretation or application of th[e] Trade Agreement." Trade Agreement at 23 (emphasis added); *accord* Successor Trade Agreement at 25 (emphasis added). Similarly, the language describing the authority of the arbitrators empowers them to provide remedies only

for "violations of th[e] Trade Agreement." Trade Agreement at 23 (emphasis added); *accord* Successor Trade Agreement at 25 (emphasis added). The Trade Agreements lack any "specific references" to the *resolution* of claims under the FLSA or NYLL or of statutory causes of action generally, as would be required for a "clear and unmistakable" waiver of Plaintiff's rights to bring FLSA and NYLL claims in court. *Lawrence*, 841 F.3d at 83–84.

While the Trade Agreements do reference "statutory remedies available under the National Labor Relations Act or other applicable Laws and Rules," this language describes only the scope of an arbitration *award* for a violation of the *Trade Agreement*. Trade Agreement at 26–27; *accord* Successor Trade Agreement at 28–29; *see* Trade Agreement at 23; Successor Trade Agreement at 25. The relevant language does not reflect any agreement to arbitrate statutory *claims*. As such, the reference in the Trade Agreements to "statutory remedies," falls far short of the requisite "clear and unmistakable waiver" of Plaintiff's "right to assert [FLSA and NYLL] claims in a judicial forum." *1199 SEIU United Healthcare Workers E.*, 2026 WL 1993408, at *16, --- F.4th ---- (internal quotation marks and citations omitted).

The great weight of authority in this Circuit makes clear that the language in the Trade Agreements is insufficient to waive Plaintiff's right to litigate in court. A number of courts in this circuit have ruled that general arbitration provisions empowering arbitrators to hear disputes arising under the relevant agreement did not meet the "clear and unmistakable" threshold. *See, e.g.*, *Fernandez v. Pinnacle Grp. NY LLC*, No. 21-cv-10702 (AT), 2023 WL 2525996 at *6 (S.D.N.Y. Mar. 15, 2023) (ruling that a provision stating "[a] Contract Arbitrator shall have the power to decide all differences arising between the parties to this Agreement as to interpretation, application or performance of any part of this Agreement" did not clearly and unmistakably waive the right to bring FLSA claims); *see Sanchez v. Clipper Realty, Inc.*, 638 F. Supp. 3d 357, 367–368

(S.D.N.Y. 2022), *aff'd*, 2023 WL 7272062 (2d Cir. Nov. 3, 2023) (no clear and unmistakable waiver based on a provision stating that "all complaints, disputes, and grievances arising between the parties to this Agreement, involving questions of interpretation or application of any clause of this Agreement, or any act or conduct in relation thereto . . . shall be submitted for mediation to the Federal Mediation and Conciliation Service . . . .") By contrast, courts have found a clear and unmistakable waiver where, for example, "[a]ll claims alleging illegal discrimination under any of the above authorities, as well as claims alleging violations of the federal Fair Labor Standards Act, the New York State Labor Law, and any other federal, state or local wage payment statutes or regulations, shall be subject to the Agreement's grievance and arbitration procedure as the final, binding, sole and exclusive remedy for such violations, and employees covered by this Agreement shall not file suit or seek relief in any other forum." *Chung v. 335 Madison Ave. LLC*, No. 21-cv-3861 (LJL), 2021 WL 4710483 at *1 (S.D.N.Y. Oct. 7, 2021). The Trade Agreements here simply do not "clearly and unmistakably waive [Plaintiff's] right to assert [his] wage claims," and other claims under the FLSA and NYLL, "in a judicial forum." *1199 SEIU United Healthcare Workers E.*, 2026 WL 1993408, at *16, --- F.4th ---- .

**CONCLUSION**

For the foregoing reasons, Defendants' motion to compel arbitration and stay this case [ECF Nos, 24–27] is DENIED. The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 24.

**SO ORDERED.**

**Date: July 17, 2026**
**New York, NY**

Mary Kay Vyskocil

**MARY KAY VYSKOCIL**
**United States District Judge**